IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MAXIMO GOMEZ,

    *Plaintiff*,

v.                                  Case No.: 5:24cv42-MW/MJF

DANIELLE MARIE KEY, *et al.*,

    *Defendants*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 5, and has also reviewed *de novo* Plaintiff's objections, ECF No. 7.

The Magistrate Judge recommends that Plaintiff's case be dismissed without prejudice as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because he affirmatively misrepresented his litigation history.

"A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, No. 5:15CV305/MMP/EMT, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015)

(collecting cases), *report and recommendation adopted,* 2016 WL 75074 (N.D. Fla. Jan. 6, 2016).

Here, the record makes plain that Plaintiff affirmatively misrepresented his litigation history. Plaintiff failed to disclose not one, but two habeas corpus cases from the Southern District of Florida that challenged his conviction or the conditions of his confinement: *Gomez v. Sec'y of Fla. Dep't of Corr.*, No. 9:12-cv-81205 (S.D. Fla. Sept. 1, 2009); and *Gomez v. Fla. Att'y Gen.*, No. 9:14-cv-80994 (S.D. Fla. July 30, 2014). *See* ECF No. 5 at 4. These cases should have been disclosed in response to section VIII.C of Plaintiff's form complaint, which he signed and certified as true and complete. *See* ECF No. 1 at 11–13. As the Magistrate Judge notes, Plaintiff "knew from reading the complaint form that he was required to disclose *all prior* cases, including those that challenged his conviction. [Plaintiff] also was aware that the penalty for failing to disclose his prior litigation history was dismissal." ECF No. 5 at 7.

To the extent Plaintiff could not fully remember his litigation history or was unsure whether to disclose these cases, he could have indicated that on the complaint form. Plaintiff, however, made no such indication on his complaint. The Magistrate Judge explained that knowing about his previous cases should not have come as a surprise to Plaintiff because

> [a]t the commencement of a lawsuit, the clerk of the court sends a notice to all *pro se* litigants advising litigants to keep a copy of all filings in

2

their respective cases. Doc. 3; *Gomez v. Campbell*, No. 5:23-cv-66-MCR-MJF, Notice to Pro Se, ECF No. 4, (N.D. Fla. Mar. 16, 2023); *Gomez*, No. 5:22-cv-276-TKW-MJF, Notice to Pro Se, ECF No. 3, (N.D. Fla. Nov. 29, 2022). Additionally, in one of Plaintiff's prior case, the undersigned expressly noted that the list of cases discussed in the report and recommendation were "just a few of the federal cases Gomez had filed and failed to disclose . . . ." *Gomez*, No. 5:22-cv-276-TKW-MJF, Report and Recommendation, ECF No. 9 at 6 n.1, (N.D. Fla. Dec. 29, 2022). Plaintiff, therefore, was certainly aware of his obligation to obtain and maintain a list of his cases so that he could make an accurate disclosure of his prior litigation history.

ECF No. 5 at 8. On this record, this Court finds that Plaintiff affirmatively misrepresented his litigation history on his form complaint, which merits dismissal without prejudice as a sanction.

Plaintiff raises several objections, but they do not help his case. First, he claims that he did answer all questions on the form truthfully. But, as set out above, that isn't true—Plaintiff certified that he disclosed all of his prior cases, but he failed to disclose two federal habeas cases. Second, Plaintiff claims that he did not remember the two undisclosed habeas cases. But these habeas cases were not filed so long ago that Plaintiff could plausibly have forgotten about them entirely—even if he did not remember the exact details of the cases, or where he filed them, he could have indicated on the form complaint that he has filed other lawsuits but did not know the details. The form complaint's questions are neither vague nor unclear. Plaintiff may not be an expert in the Federal Rules of Civil Procedure, but he is still required to comply with them. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)

("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."). And Plaintiff must always tell the truth in court filings—not just when he is apprised of the consequences, as Rule 11(b) makes clear.

Plaintiff's request to file an amended complaint does not save his case either. As set out above, Plaintiff made an affirmative misrepresentation of his litigation history which merits dismissal without prejudice. This Court declines to give Plaintiff another bite at the apple—especially because the proposed amendment comes only after the Report and Recommendation exposed his misrepresentation. Accordingly,

**IT IS ORDERED**:

1. The report and recommendation, ECF No. 5, is **accepted and adopted**, over Plaintiff's objections, as this Court's opinion.

2. Plaintiff's motion for leave to file an amended complaint, ECF No. 8, is **DENIED**.

3. The Clerk shall enter judgment stating, "Plaintiff's complaint, ECF No. 1, is **DISMISSED without prejudice** as malicious under 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury."

4

4.  The Clerk shall note on the docket that this cause was dismissed pursuant

to 28 U.S.C. § 1915(e)(2)(B)(i) and counts as a strike.

5.  The Clerk shall close the file.

**SO ORDERED on March 13, 2024.**

**s/Mark E. Walker                        **
**Chief United States District Judge**